IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHARLES BIBBS** | § | |
| **#1508404** | § | |
| | § | |
| **V.** | § | **A-15-CV-553-LY** |
| | § | |
| **H.E. BUTT GROCERY CO., et al.** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Charles Bibbs' ("Bibbs") First Original Complaint, filed on June 25, 2015 (Dkt. No. 1). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. ANALYSIS

On July 1, 2015, the instant Court granted Bibbs' Application for Leave to Proceed In Forma Pauperis, pursuant to 28 U.S.C. § 1915(b)(1). *See* Dkt. No. 4. Because Bibbs has been granted leave to proceed *in forma pauperis*, the Court is required by Standing Order to review his Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995),

and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**A.     Bibbs' Complaint**

Bibbs has filed this civil rights lawsuit under 42 U.S.C. § 1983 against Defendants H.E. Butt Grocery Company ("H.E.B."), Henry Edward Butt, CEO and President of H.E.B., Winell Herman, Vice President of H.E.B., John Doe 1, an H.E.B. security officer, and John Doe 2, an H.E.B. loss and

prevention officer.[1]  Bibbs alleges that after he completed his grocery shopping at the H.E.B. store located at 2701 East 7th Street in Austin, Texas, Defendants John Doe 1 and John Doe 2 accused him of shoplifting and tackled him as he attempted to leave the store.  Bibbs alleges that he suffered severe injuries and that the Defendants' actions constitute excessive force in violation of his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.  Bibbs also alleges state law causes of action for negligence, and assault and battery.

1. **42 U.S.C. § 1983**

Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof for the deprivation of any rights, privileges, immunities secured by the Constitution and laws shall be liable to the party injured. . . ."  42 U.S.C. § 1983.  "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (emphasis added).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988)

---

[1] Bibbs has filed other frivolous § 1983 lawsuits in this court.  On March 24, 2014, Bibbs filed a § 1983 lawsuit against TransCanada Keystone XL Pipeline, Russ Girling, CEO of TransCanada Corporation, President Barack Obama, Secretary of State John Kerry, Former Governor Rick Perry and Former Lieutenant Governor David Dewhurst, alleging that the Defendants all acted in their individual and official capacities to allow the TransCanada Keystone XL Pipeline to be built without a popular vote.  *See Bibbs v. TransCanada Keystone XL Pipeline, et al*, A-14-CV-257 LY.  The undersigned recommended the dismissal of that lawsuit under 28 U.S.C. § 1915(e)(2)(B).  *See* R&R (Dkt. No. 3).  On May 5, 2014, the District Court adopted the Report and Recommendation and dismissed Bibbs' Complaint.  *See* Final Judgment (Dkt. No. 8).

(emphasis added; citation omitted).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

For a plaintiff to state a viable § 1983 constitutional deprivation claim against a private party, the private party's alleged conduct must constitute state action under color of state law.  *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982).  "For a nominally private individual's conduct to meet the state action requirement, there must be such a sufficiently close relationship between the actor and the state that the actor can fairly be viewed as an agent of the state." *Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F.2d 544, 552 (5th Cir. 1988).  The Supreme Court has set forth a two-part test for determining whether state action exists.  Under the first part of the test, a court must determine whether the alleged constitutional deprivation has resulted from "'the exercise of a right or privilege having its source in state authority.'" *Id*. at 554 (quoting *Lugar*, 457 U.S. at 937)).  Under the second part of the test, the court must ascertain whether the private party may fairly be characterized as a "state actor" based on the facts specifically before the court. *Id.* (internal quotation marks and citation omitted).

Bibbs' Complaint contains no facts under which any of the Defendants can properly be characterized as state actors, either in their own right or by their close association with the state. *See Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981) (noting that §1983 will not support a claim based on a respondent superior theory of liability);  *Morris v. Dillard Dep't Stores*, 277 F.3d 743, 749 (5th Cir. 2001) (stating that a merchant will not be characterized as a state actor under § 1983 unless the conduct on the part of the guard or officer giving rise to the claimed deprivation was based solely on the merchant's suspicion without an independent investigation by the officer).

Accordingly, Bibbs has failed to show that any of the Defendants are liable under § 1983 in this case. *See Lavergne v. Faulk,* 583 F. App'x 407, 408 (5th Cir. 2014) (holding that prisoner's complaint failed to show that defendant had an agreement with police to show he was a state actor); *Hamilton v. Sally's Beauty's Supplies*, 544 F. App'x 486, 488 (5th Cir. 2013) (affirming dismissal under § 1915 where plaintiff failed to allege any facts to show that defendant was a state actor in his own right or by close association with the state); *Payne v. Spoon*, 2015 WL 2452522, at * 5 (W.D. La. May 21, 2015) (finding that plaintiff's § 1983 complaint against Wal-Mart employees where he failed to allege any facts showing that the defendants were acting in concert with state officials). Based upon the foregoing, the District Court should dismiss Bibbs' § 1983 claim for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(ii).

**2.   State Claims**

Having recommended dismissal of the only federal claim in this lawsuit, the Court further recommends that the District Court decline to exercise supplemental jurisdiction over Bibbs' remaining state law claims of negligence, and assault and battery. A district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). *See also, Hicks v. Austin Indep. Sch. Dist.,* 564 F. App'x 747, 748 (5th Cir. 2014) ("District courts have 'wide discretion' in deciding whether to decline supplemental jurisdiction under [S]ection 1367(c)"). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir.), *cert. denied*, 557 U.S. 936 (2009). *See also, Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental]

5

jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). Based on the foregoing, the Court recommends that the District Court decline to exercise supplemental jurisdiction over Bibb's state law claims and dismiss those claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## II.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Charles Bibbs' claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(ii).  The undersigned **FURTHER RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over Bibb's remaining state law claims and **DISMISS** those claims **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

## III.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of July, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE